## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARTANO AIDINI, | Case No. 2:15-cv-00505-APG-GWF |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART MOTION IN LIMINE REGARDING REFERENCE TO COLLATERAL SOURCE PAYMENTS** |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | (ECF No. 44) |

Plaintiff Artano Aidini moves to preclude defendant Costco Wholesale Corporation from referencing at trial any collateral source for payments of his medical bills, such as health insurance. Costco responds that collateral source information is inadmissible but Costco should be able to elicit testimony that physicians treated Aidini on a lien basis because that would impact the doctors' credibility.

The Supreme Court of Nevada has "adopt[ed] a per se rule barring the admission of a collateral source of payment for an injury into evidence for any purpose." *Proctor v. Castelletti*, 911 P.2d 853, 854 (Nev. 1996). It did so due to its conclusion that "[c]ollateral source evidence inevitably prejudices the jury because it greatly increases the likelihood that a jury will reduce a plaintiff's award of damages because it knows the plaintiff is already receiving compensation." *Id.* Federal courts likewise have adopted the collateral source rule. *See Eichel v. New York Cent. R. Co.*, 375 U.S. 253, 255 (1963) (stating that evidence the plaintiff is receiving benefits from a collateral source is prejudicial); *Russo v. Matson Nav. Co.*, 486 F.2d 1018, 1020 (9th Cir. 1973) (stating that "where the injured plaintiff's compensation comes from a collateral source, it should not be offset against the sum awarded for the tort nor considered in determining that award") (quotation omitted).

Other judges in this District have concluded that the collateral source rule bars admission of evidence of medical write downs. "The collateral source rule makes the tortfeasor liable for

the full extent of the damages caused, no matter how much the victim actually pays." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1169 (D. Nev. 2014).  "That a medical provider ultimately accepts less than a billed amount, whether from an insurance company or from the victim directly, is not relevant to whether the tortfeasor is liable for the full value of the harm he has caused." *Id.*  The rule is an equitable one "designed to ensure that the victim, and not the tortfeasor, benefits from any 'windfall' resulting from a difference between the value of the harm caused and the amount actually paid to remedy it." *Id.*  Thus, a plaintiff "may recover the reasonable value of his treatment, and no more, without regard to whether the amount he paid out of his pocket directly in order to obtain that treatment was reduced by a third-party payor or a third-party payee." *Id.* at 1171 (emphasis omitted); *see also Alexander v. Wal-Mart Stores, Inc.*, No. 2:11-cv-00752-JCM-PAL, 2013 WL 427132, at *4-5 (D. Nev. Feb. 1, 2013); *Gresham v. Petro Stopping Ctrs., LP*, No. 3:09-CV-00034-RCJ-VPC, 2012 WL 5198481, at *3 (D. Nev. Oct. 18, 2012); Restatement (Second) of Torts § 920A(2) & cmt. c(3) (1979) ("Thus the fact that the doctor did not charge for his services or the plaintiff was treated in a veterans hospital does not prevent his recovery for the reasonable value of the services.").  I agree. *Calvert v. Ellis*, No. 2:13-cv-00464-APG-NJK, 2016 WL 153044, at *4 (D. Nev. Jan. 12, 2016) (medical write downs and possibility that medical liens may be negotiated for a lesser amount inadmissible under collateral source rule).

Allowing the jury to learn that Aidini had health insurance, that bills were written down, or that Aidini may be able to negotiate the amount of a lien would violate the collateral source rule.  The collateral source rule focuses on the extent of the damages the tortfeasor caused, not on how much the victim actually pays. *McConnell*, 995 F. Supp. 2d at 1169.  Accordingly, Costco is precluded from questioning witnesses about whether: (1) Aidini has insurance, (2) Aidini was able to obtain write downs of medical bills, or (3) medical liens may be negotiated for less than the full amount.

However, that Aidini was treated by a physician who holds a medical lien does not, in and of itself, violate the collateral source rule.  Evidence of the existence of a medical lien does not

suggest a third-party source of payment. However, it could suggest bias by a treating physician or expert who testifies at trial. Expert compensation is relevant and admissible as it may impact bias. I therefore will not preclude Costco from asking Aidini's treating physicians whether they hold a medical lien. Nor will I preclude Costco from arguing that those physicians may be biased because they have an incentive to assist Aidini in maximizing recovery in this civil case. However, I caution Costco not to ask questions that may elicit a response that would reveal that Aidini has insurance or that the liens (or portions thereof) may be written off or negotiated down.

      IT IS THEREFORE ORDERED that plaintiff Artano Aidini's motion in limine to preclude reference to collateral source payments **(ECF No. 44) is GRANTED in part**.

      DATED this 5th day of April, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE