UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARTANO AIDINI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　Defendant. | Case No. 2:15-cv-00505-APG-GWF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S PREMISES LIABILITY EXPERT OR IN THE ALTERNATIVE TO LIMIT HIS TESTIMONY TO OPINIONS INCLUDED IN HIS REPORT**<br><br>(ECF No. 53) |

　　　　Defendant Costco Wholesale Corporation seeks to exclude plaintiff Artano Aidini's premises liability expert, David Elliott, from testifying or, alternatively, to limit his testimony to the opinions expressed in his report. Costco argues that Elliott's opinions do not assist the trier of fact because his opinion that a cardboard box on a polished concrete floor is slippery is common sense and not the subject of expert opinion. Alternatively, Costco asserts that Aidini's expert designation indicated Elliott was an expert in human factors but did not include any such opinions in his report, so he should not be able to offer opinions on human factors at trial.

　　　　Aidini responds that Elliott used scientific methods commonly used by safety engineers to evaluate the average slip resistance of cardboard boxes on Costco's floor surface. Aidini does not respond to Costco's argument that Elliott should not be permitted to testify about human factors.

　　　　Federal Rule of Evidence 702 permits testimony based on "scientific, technical, or other specialized knowledge" by experts qualified by "knowledge, skill, experience, training, or education" if the testimony is both relevant and reliable. The trial court acts as a "gatekeeper" to exclude expert testimony that is not both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Testimony is relevant if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed .R. Evid. 702(a); *see also Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (stating testimony is relevant if it

1  "logically advances a material aspect of the proposing party's case").  To be helpful to the jury,
2  the testimony must be "'tied to the facts'" of the particular case.  *Daubert v. Merrell Dow*
3  *Pharms., Inc.*, 509 U.S. 579, 591 (1993) (quoting *United States v. Downing*, 753 F.2d 1224, 1242
4  (3d Cir. 1985)).

5        Elliott's opinions about the slip resistance of the Costco floor when covered with
6  cardboard boxes is relevant because it advances Aidini's argument that the box on the floor that
7  he slipped on created a hazardous condition.  Although Costco contends that it is common sense
8  that a cardboard box on a concrete floor will make it slippery, there are different types of concrete
9  surfaces and different levels of slipperiness.  Elliott uses scientific principles and testing, the
10 reliability of which Costco does not challenge, to evaluate the slip resistance of Costco's floor
11 when a cardboard box is lying on top of it.  That information is both relevant and helpful to the
12 trier of fact in this slip and fall case.  I therefore deny Costco's motion to exclude Elliott.

13       Aidini does not respond to Costco's argument that Elliott's trial testimony should be
14 limited to the opinions expressed in his report.  I therefore grant that portion of Costco's motion
15 as unopposed.  *See* LR 7-2(d).  This is consistent with Federal Rule of Civil Procedure
16 26(a)(2)(B)(i)'s requirement that an expert report contain "a complete statement of all opinions
17 the witness will express and the basis and reasons for them."

18       IT IS THEREFORE ORDERED that defendant Costco Wholesale Corporation's motion
19 in limine to exclude plaintiff's premises liability expert or in the alternative to limit his testimony
20 to opinions included in his report **(ECF No. 53) is GRANTED in part and DENIED in part**.

21       DATED this 5th day of April, 2017.

                                        ANDREW P. GORDON
                                        UNITED STATES DISTRICT JUDGE