**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ARTANO AIDINI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　Defendant. | Case No. 2:15-cv-00505-APG-GWF<br><br>**ORDER DENYING MOTION IN LIMINE TO PRECLUDE DR. HERR FROM OFFERING OPINIONS BEYOND THOSE DISCLOSED IN HIS EXPERT REPORT**<br><br>(ECF No. 46) |

　　　　Plaintiff Artano Aidini moves to preclude defendant Costco Wholesale Corporation from eliciting testimony at trial from its expert, Dr. John Herr, that addresses any topic or materials not disclosed in his expert report. Costco counters that if Aidini's treating physician testifies at trial about any opinions that he did not previously disclose, then Costco's retained expert should be allowed to rebut this testimony by offering opinions that he did not previously disclose.

　　　　When a party intends to present a retained expert to testify at trial, Federal Rule of Civil Procedure 26(a)(2)(B) requires that this party provide the other side with an expert report. This report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* When a party discovers new information and asks its expert to change his opinion, the party is required to disclose a supplemental report reflecting these updates. *Mendez v. Unum Life Ins. Co. of Am.*, 2005 WL 1865426, at \*1 (N.D. Cal. Aug. 2, 2005).

　　　　Costco first suggests that its expert should be relieved from having to disclose some of his opinions because Aidini has not provided Costco with certain medical records. But Rule 26(a)(2)(B) does not say that experts must disclose opinions only if they are based on medical records. Instead, they must disclose any opinions they plan to offer at trial.

　　　　Costco then suggests that Aidini's treating physician might violate the limits on treating physician testimony, and if that is allowed then Costco's expert should also be able to opine on things not previously disclosed in his expert report to rebut the testimony. But Costco offers no

authority or explanation to support its position.  In any event, I have no evidence before me that Aidini's physician plans to offer previously undisclosed opinions, and I have no information about the specific content of those opinions.  Nor do I have any specific information about what undisclosed opinion Costco's expert intends to offer.  Because I have insufficient information or evidence to rule on these issues, I deny the motion.  If either party introduces testimony or opinions that violates the Federal Rules, then the opposing party can object at trial.  The offering party may then argue that it is "substantially justified" in offering the undisclosed testimony.  *See Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (noting that a party may avoid preclusion of expert testimony that was not previously disclosed if the failure to disclose was "substantially justified").

IT IS THEREFORE ORDERED that plaintiff Artano Aidini's motion in limine **(ECF No. 46) is DENIED**.

DATED this 10th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE