|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| ARTANO AIDINI,<br><br>                Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>                Defendant. | Case No. 2:15-cv-00505-APG-GWF<br><br>**ORDER DENYING MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM MAKING IMPROPER REMARKS**<br><br>(ECF No. 48) |

Defendant Costco Wholesale Corporation seeks to stop plaintiff's counsel from making various statements to the jury during the upcoming trial. Uncoiling Costco's motion, it appears to ask that I order Aidini's counsel not to: (1) make any venomous remarks that might incite the jurors' "primal" instincts to protect their offspring (what Costco calls the "reptile theory" of advocacy),[1] (2) suggest that Costco is slinking from its responsibility by defending this case, and (3) comment on the witnesses' credibility.

Once shed of its skin, Costco's motion is little more than a request that I monitor Aidini's counsel to ensure they stay within the strictures of the federal evidentiary and procedural rules. Of course, counsel must have an evidentiary or legal basis for any statements to the jury. And if some specific statements square with the evidence but also pose a risk of unfairly undermining the jury's reason, I will balance those scales when the time comes.[2] But I will not issue a blanket pretrial ruling based on nothing more than Costco's suspicion that there are snakes lurking in the grass.

As to Costco's request that Aidini's counsel be barred from suggesting that the company is slithering from its responsibilities by defending this case, I cannot say at this point that this

---

[1] This term gained popularity after it appeared in a trial-tactics book. *See* David Ball and Don Keenan, Reptile: The 2009 Manual of the Plaintiff's Revolution (Balloon Press 2009).

[2] Fed. R. Evid. 401.

would be improper argument. Of course, argument is reserved for closings, not to be made during opening statements. And Costco is free to point out in its closing that it is entitled to defend itself like any other party.

Costco next requests that I prohibit Aidini's counsel from suggesting that Costco's witnesses speak with forked tongues or otherwise questioning their credibility. Again, there is no basis to issue such a ban at this time. Aidini's counsel agree they will make comments about credibility only if founded in the evidence—and they are allowed to do that.

Similarly, Costco's arguments about the reptilian theory fail. Federal courts have hissed at motions based on this theory that seek a broad prospective order untethered to any specific statements the other side will make.[3] As Aidini points out, it may be permissible for him to argue that, under Nevada's law of negligence, the jury should consider what a reasonable person in the community would do in Costco's place.[4] But Aidini's counsel is prohibited from making statements that would place the jury in Aidini's skin, or would otherwise violate the Golden Rule or any other applicable restriction on counsel's arguments.[5]

////

////

////

---

[3] *See, e.g., Hensley v. Methodist Healthcare Hosps.*, 2015 WL 5076982, at *4–5 (W.D. Tenn. Aug. 27, 2015) (denying "Reptile Theory" motion because "Defendants have again not identified the specific evidence that is sought to be excluded"); *Jackson v. Asplundh Constr. Corp.*, 2016 WL 5941937, at *1 (E.D. Mo. Oct. 13, 2016) (declining to issue ruling on motion based on the "reptile theory"); *Cameron v. Werner Enterprises, Inc.*, 2016 WL 3030181, at *5 (S.D. Miss. May 25, 2016) (declining to issue ruling on motion based on reptilian theory because it was too "hypothetical"); *Bunch v. Pac. Cycle, Inc.,* 2015 WL 11622952, at *2 (N.D. Ga. Apr. 27, 2015) (rejecting reptile theory motion because it was "overbroad").

[4] *See Van Cleave v. Keiiz-Mill Mini Mart*, 633 P.2d 1220, 1222 (Nev. 1981) (discussing the jury's analysis of reasonableness in the context of negligence and noting that it includes whether "the conduct of the individual clearly has or has not conformed to what the community requires").

[5] *Turner v. Salem*, 2016 WL 4083225, at *3 (W.D.N.C. July 29, 2016) (denying a motion based on the reptile theory, but admonishing counsel that violation of the golden rule will not be tolerated).

IT IS THEREFORE ORDERED that Costco's motion in limine **(ECF No. 48) is DENIED**.

DATED this 12th day of April, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE