# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

ARTANO AIDINI,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

Defendant.

Case No. 2:15-cv-00505-APG-GWF

**ORDER DENYING MOTION FOR RECONSIDERATION**

(ECF No. 90)

Defendant Costco Wholesale Corporation previously moved to exclude plaintiff Artano Aidini's premises liability expert, David Elliott, from testifying or, alternatively, to limit his testimony to the opinions expressed in his report. As to this second point, Costco argued Elliott should not be able to offer opinions on human factors at trial because those opinions were not in his report. Aidini opposed the first part of the motion, but did not address Costco's argument that Elliott should be limited to the opinions expressed in his report. I therefore granted that portion of the motion. ECF No. 81. I also noted that limiting Elliott to the opinions expressed in his report is consistent with Federal Rule of Civil Procedure 26(a)(2)(B)(i)'s requirement that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Aidini moves for reconsideration, arguing that he inadvertently did not respond to this portion of Costco's motion.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J,*

*Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*

There is no basis supporting reconsideration. There is no new law or new evidence. I did not commit clear error. Nor has Aidini shown manifest injustice by limiting his expert to those opinions expressed in his report. The Federal Rules require an expert to provide his opinions in his report and to supplement that report if he forms new opinions.

IT IS THEREFORE ORDERED that plaintiff Artano Aidini's motion for reconsideration **(ECF No. 90) is DENIED**.

DATED this 24th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE