UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ARTANO AIDINI,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

Case No. 2:15-cv-00505-APG-GWF

**ORDER REGARDING EVIDENTIARY ISSUES**

(ECF Nos. 49, 50, 51)

In his trial brief, plaintiff Artano Aidini seeks rulings on three evidentiary issues. Defendant Costco objects to Aidini's proposed demonstrative exhibits.

**Spoliation**

Aidini requests an adverse inference jury instruction due to Costco's failure to preserve and produce video from three other cameras in the store. ECF No. 108 at 13. Aidini states that "[t]hese additional camera angles would have better shown the box placement and fall." *Id.* Aidini offers no proof of this allegation and Costco responds that the cameras did not capture such images. ECF No. 109 at 6. The examples attached as Exhibit 3 to Aidini's trial brief do not confirm those cameras would have captured relevant and usable evidence. Finally, Aidini did not timely raise this issue during discovery. There is insufficient evidence to justify an adverse inference jury instruction based on spoliation, so I deny Aidini's request.

Aidini also requests an adverse inference jury instruction due to Costco's failure to preserve and produce the box Aidini allegedly slipped on. ECF No. 108 at 13. Again, Aidini did not timely raise this issue during discovery. There is no proof that Costco had identified the actual box at issue or its location at the time of the accident. And given the activity in the area immediately around Aidini after the fall (including being treated on scene and transported by ambulance), it is reasonable to assume that the box could have been moved or mixed in with other boxes, rendering it impossible to identify the specific box and its original location. Because

Aidini has not sustained his burden of demonstrating that Costco intentionally or negligently failed to preserve the box, he is not entitled to an adverse inference jury instruction. Aidini may argue to the jury that Costco could or should have preserved the box and that the jury can make inferences from its failure to do so. But the court will not bolster such an argument with a jury instruction.

**Use of depositions of Le and Ramsey**

Aidini next argues that he should be allowed to use the depositions of Michael Le and Ryan Ramsey during his opening statement. ECF No. 108 at 14. "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 30(b)(3). Costco objects because Le and Ramsey were not deposed under Rule 30(b)(6). True, but that ignores the prior phrase of Rule 30(b)(3), which focuses on whether the deponent "was the party's officer, director, [or] managing agent . . . ."

"The test for a managing agent is not formulaic but is answered pragmatically on a fact-specific basis." *Redd v. N.Y. State Div. of Parole*, 923 F. Supp. 2d 393, 409 (E.D.N.Y. 2013) (quotations omitted). In making that determination, courts consistently consider the following factors:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation.

*Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 517–18 (D. Idaho 2013) (citations omitted).[1]

---

[1] *See also In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996) ("These factors include: (1) whether the corporation has invested the person with discretion to exercise his judgment, (2) whether the employee can be depended upon to carry out the employer's directions, and (3) whether the individual can be expected to identify him or herself with the interests of the corporation as opposed to the interests of the adverse party.").

At the time of his deposition, Le was an administrative manager for Costco. ECF No. 108-2 at 15:14-17. He held the same position at the time of the accident, and was responsible for the entire store. *Id.* at 17:1-18:5. At the time of his deposition, Ramsey was an assistant general manager for Costco. ECF No. 108-1 at 14:17-22. At the time of the accident, Ramsey was the front-end manager, overseeing operations of the front end of the store, which includes the area where the accident occurred. *Id.* at 17:9-18:13.

There is no evidence that Le and Ramsey had authority to exercise judgment and discretion on Costco corporate matters, as opposed to matters regarding the particular store. It appears they could be relied upon to give testimony, at Costco's request, in response to Aidini's demand, and they could be expected to identify themselves with Costco's interests as opposed to Aidini's interests. *Honda Am.*, 168 F.R.D. at 540. Given their various job duties, it appears that they had significant responsibilities for the store—and the specific location within the store where the accident happened. Thus, I grant Aidini's request to use the depositions of Michael Le and Ryan Ramsey during his opening statement.

**Demonstrative exhibits**

Costco objects to Aidini's attempt to use a photograph of the hardware used in his surgery. ECF No. 111 at 1. Provided proper foundation is laid for this photograph, Aidini will be permitted to use it at trial.

Costco also objects to Aidini's attempt to use two photographs of his ankles, showing how they look before and after he goes to work. *Id.* at 2. Provided proper foundation is laid for these photographs, Aidini will be permitted to use them at trial.

DATED this 4th day of May, 2017.

                                                                                   ANDREW P. GORDON
                                                                                   UNITED STATES DISTRICT JUDGE